IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



JUSTIN NEWCOMER,
et al.,

    Plaintiffs,

v.                                      Civil Action No. 3:18-cv-194

WELLS FARGO BANK, NATIONAL
ASSOCIATION, et al.,

    Defendants.

## MEMORANDUM OPINION

This matter is before the Court on the Newcomers' MOTION TO REMAND (ECF No. 10). For the following reasons, the motion is GRANTED.

## BACKGROUND

Plaintiffs Justin and Monica Newcomer filed this action in state court in relation to a loan they secured from Wells Fargo for a house. ECF No. 1, Exhibit No. 3 at 2. In their complaint, the Newcomers specify a certain federal regulation—38 C.F.R. 36.4346—that they allege Wells Fargo violated. Id. at 3. They claim that Wells Fargo committed: (1) actual fraud, arguing that a Wells Fargo representative intentionally lied to them by telling them to fall behind on their loans to lower their loan payments, which resulted in negative credit reports; (2) constructive fraud, because of the facts stated in Count One; (3) breach of Virginia

regulations, because of the violation of 38 C.F.R. 36.4346; (4) foreclosure in breach of Virginia regulations, because of other Virginia regulations that resulted in negative reports to credit reporting agencies and other damages; (5) foreclosure in breach of the Virginia regulatory requirement of compliance with accepted lending practices, because Wells Fargo would not consider any alternatives to foreclosure; and (6) breach of fiduciary duty by PFC by being a fiduciary to both Wells Fargo and the Newcomers. See generally id. None of these claims say that Wells Fargo or any other defendant violated the Fair Credit Reporting Act ("FCRA"). Fair Credit Reporting Act, § 602 et seq., 15 U.S.C.A. § 1681 et seq. Instead, all are state claims.

Wells Fargo filed a notice of removal on March 26. ECF No. 1.

**STANDARD GOVERNING REMOVAL**

The Court strictly construes removal jurisdiction. Mulcahey v. Columbia Organic Chemicals Co., 29 F.3d 148, 151 (4th Cir. 1994). If federal jurisdiction is doubtful, remand is required. Id. "The burden of establishing federal jurisdiction is placed upon the party seeking removal." Id.

**DISCUSSION**

In its notice of removal, Wells Fargo says that the FCRA "preempts state law claims relating to credit reporting." ECF No. 1 at 3, ¶14. Thus, in its view, the Court has subject matter jurisdiction, because "[t]he Newcomers' claims for damages based

on credit reporting by Wells Fargo in Counts One, Two and Three are claims for alleged violations of the FCRA . . . and consequently 'arises [sic] under' the laws of the United States." Id. at 3, ¶¶15-16.

To the contrary, the Court does not have subject matter jurisdiction to hear this case because the Newcomers' well-pleaded complaint does not plead a federal action here, and because Wells Fargo's basis for removal—claiming that the Newcomers' claims are preempted under federal law—does not establish subject matter jurisdiction in federal court. Consequently, this case will be remanded.

## I. A Federal Preemption Defense Under the FCRA Does Not Establish Federal Subject Matter Jurisdiction

If a federal law preempts a state law, preemption is a federal defense to a suit. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987). Whether that is so is measured by looking at the face of the complaint. If the preemption defense does not appear on the face of the complaint, removal is not permitted even if the defendant offers a federal defense. Id. An exception to this general rule is the doctrine of complete preemption, meaning that "Congress [] so completely pre-empt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal in character." Id. at 63-64. This class of cases has been described as "extraordinary," and the Fourth Circuit has said that

3

"the application of complete preemption 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" Owen v. Carpenters' Dist. Council, 161 F.3d 767, 772 (4th Cir. 1998) (quoting Taylor, 481 U.S. at 65).

Otherwise, "a defendant may not remove a civil action on the basis of a defense of federal preemption, even if the defense is anticipated in the complaint, and even if pre-emption is the only issue in the case." Id. Whether the complete preemption exception is applicable focuses on congressional intent. Rosciszewski v. Arete Assocs., Inc., 1 F.3d 225, 231 (4th Cir. 1993).

Several district courts in this circuit have examined whether the FCRA completely preempts all claims related to credit reporting. They have unanimously held that it does not. See Rule v. Ford Receivables, Inc., 36 F. Supp. 2d 335 (S.D. W.V. 1999); Swecker v. Trans Union Corp., 31 F. Supp. 2d 536 (E.D. Va. 1998); Sloan v. Green Tree Servicing LLC, No. 2:05-CV-00558, 2005 WL 2428161 (S.D. W.V. 2005). The Court finds that these opinions are well-reasoned. Basically, their reasoning is that: (1) the Supreme Court has said that complete preemption is an exception to the well-pleaded complaint rule, not the rule; and (2) complete preemption applies only when Congress clearly manifests an intent to replace all state causes of action and provide exclusive jurisdiction to the federal courts; and (3) the FCRA "explicitly

4

declines to replace all state causes of action or to provide exclusive jurisdiction in the federal courts"; thus, (4) the FCRA does not completely preempt all state claims, even if the specific claims brought by a plaintiff are preempted by the statute. See Swecker, 31 F. Supp. 2d at 538-40; see also Rule, 36 F. Supp. 2d at 338-39; Sloan, 2005 WL 2428161, at *2-*4. As a result, cases in which the FCRA is used as a preemption defense are not removable to federal court.

**II. Wells Fargo's Sole Basis for Removal is Federal Preemption Under the FCRA**

The sole basis that Wells Fargo asserted in its notice of removal is that the FCRA "preempts state law claims relating to credit reporting." ECF No. 1 at 3, ¶14. Thus, in Wells Fargo's view, this Court has subject matter jurisdiction because "[t]he Newcomers' claims for damages based on credit reporting by Wells Fargo in Counts One, Two and Three are claims for alleged violations of the FCRA." Id. at 3, ¶15; see also id. at 4, ¶16 ("Thus, at least three of the Newcomers' claims are based on a federal statute—the FCRA—and consequently 'arises [sic] under' the laws of the United States, and this Court may properly exercise jurisdiction over the Newcomers' FCRA claims.").

But, as stated above, Wells Fargo's understanding of the law is incorrect. A federal preemption defense does not authorize removal to federal court unless Congress has "so completely pre-

5

empt[ed] a particular area that any civil complaint raising this select group of claims is necessarily federal in character." Taylor, 481 U.S. at 63-64. The Court finds that the FCRA is not such a statute because the text of the FCRA explicitly allows some state causes of action and does not provide exclusive jurisdiction in the federal courts. See 15 U.S.C. § 1681p ("An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or <u>in any other court of competent jurisdiction</u> . . . ." (emphasis added)); 15 U.S.C. § 1681t(a) ("Except as provided in subsections (b) and (c), this subchapter does not annul, alter, affect, or exempt any person subject to the provisions of this subchapter from complying with the laws of any State with respect to the collection, distribution, or use of any information on consumers, or for the prevention or mitigation of identity theft . . . .").

Because the FCRA does not completely preempt state claims, the general rule applies: a federal preemption defense does not authorize removal to federal court. Thus, Wells Fargo's basis for removal is inadequate, so the case is remanded.

### III. **Wells Fargo Cannot Raise a New Basis for Remand Outside of Its Notice of Removal**

In its response to the motion to remand, Wells Fargo argues that the motion to remand should be denied because the other

defendant in this case, Professional Foreclosure Corporation of Virginia ("PFC"), was fraudulently joined. ECF No. 16 at 4. Therefore, in Wells Fargo's view, the Court also has original jurisdiction over this matter under the diversity jurisdiction statute, 28 U.S.C. § 1332, because there is complete diversity among the parties except for those fraudulently joined. Id. at 4-5. But Wells Fargo is foreclosed from arguing this basis for removal because it did not amend its notice of removal within the 30-day time limit as required under 28 U.S.C. § 1653. See, e.g., Davis v. Life Inv'rs Ins. Co. of Am., 214 F. Supp. 2d 691, 693 (S.D. Miss. 2002) ("[T]he courts that have addressed the issue have uniformly recognized that a defendant's ability to amend the removal petition after the thirty-day time limit for removal prescribed by § 1446 extends only to 'amendments to correct technical defects in the jurisdictional allegations in the notice of removal,' and that amendments to remedy 'a substantive defect in the [removal] petition', i.e., to add a new basis for federal jurisdiction, are not permitted." (alteration in original) (quoting Blakeley v. United Cable Sys., 105 F. Supp. 2d 574, 579 (S.D. Miss. 2000))); 14C Fed. Prac. & Proc. Juris. § 3733 (4th ed.) ("Prior to the expiration of the 30-day period for removal, the defendants may freely amend the notice of removal. Thereafter, however, most cases indicate that defendants may amend the notice only to set out more specifically the grounds for removal that

already have been stated in the original notice. . . . In most circumstances, however, defendants may not add completely new grounds for removal or furnish missing allegations, even if the court rejects the first-proferred basis of removal, and the court will not, on its own motion, retain jurisdiction on the basis of a ground that is present but that defendants have not relied upon." (footnotes omitted)).

Wells Fargo never amended its notice of removal, and the response to the motion to remand was filed on May 9, which was after the 30-day period allowed to file the notice of removal. See ECF No. 1 at 2 (Wells Fargo was served the complaint on March 5); ECF No. 16 at 9 (response to motion to remand filed May 9). Therefore, Wells Fargo has waived this basis for denying the motion to remand, so the Court will not consider it.

### IV. The Newcomers' Request for Attorneys' Fees is Denied

Finally, the Newcomers also ask for attorneys' fees. They argue that, under 28 U.S.C. § 1447(c), the Court may require the removing defendant to pay attorney's fees related to the attorney's work for filing a motion to remand when the Court enters an order for remand. ECF No. 11 at 3. Wells Fargo responds that attorney's fees should not be awarded because it had an "objectively reasonable basis for removal." ECF No. 16 at 7 (quoting Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005)).

The Court finds that Wells Fargo had an objectively reasonable basis for removal because neither the Supreme Court nor the Fourth Circuit has decided whether the FCRA is subject to the complete preemption exception. Therefore, the Court denies the Newcomers' request for attorney's fees.

**CONCLUSION**

For the reasons set forth above, the MOTION TO REMAND (ECF No. 10) will be granted.

It is so ORDERED.

/s/ R.E.P.
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: January 14, 2019